Exhibit 1



**CORPORATION SERVICE COMPANY**

null / ALL
**Transmittal Number: 13574309**
Date Processed: 03/16/2015

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Service Process Team 1-30-403<br>Nationwide Insurance<br>One Nationwide Plaza<br>Columbus, OH 43215 |
| **Copy of transmittal only provided to:** | Rebecca Lewis<br>Kevin Jones<br>Cassandra Struble |

| | |
|---|---|
| **Entity:** | Nationwide Property And Casualty Insurance Company<br>Entity ID Number  3286574 |
| **Entity Served:** | Nationwide Property and Casualty Insurance Company |
| **Title of Action:** | Francisco Saenz aka Frank Saenz vs. Nationwide Property and Casualty Insurance Company |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Property |
| **Court/Agency:** | Hidalgo County District Court, Texas |
| **Case/Reference No:** | C-0928-15-H |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 03/16/2015 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Nishi Kothari<br>281-532-5529 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

RECM 3-16-15

DELIVERED THIS ___ DAY OF ___
BY ___
PROFESSIONAL CIVIL PROCESS

**C-0928-15-H**
**389TH DISTRICT COURT, HIDALGO COUNTY, TEXAS**

**CITATION**

**STATE OF TEXAS**

**NOTICE TO DEFENDANT:** You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served with this citation and petition, a default judgment may be taken against you.

**NATIONWIDE PROPERTY AND CASUALTY INSURANCE COMPANY**
**BY SERVING ITS ATTORNEY:  C T CORPORATION SYSTEM**
**350 NORTH ST. PAUL STREET**
**DALLAS, TEXAS 75201**

You are hereby commanded to appear by filing a written answer to the **PLAINTIFF'S ORIGINAL PETITION** on or before 10:00 o'clock a.m. on the Monday next after the expiration of twenty (20) days after the date of service hereof, before the **Honorable Letty Lopez, 389th District Court** of Hidalgo County, Texas at the Courthouse at 100 North Closner, Edinburg, Texas 78539.

Said petition was filed on this the 3rd day of March, 2015 and a copy of same accompanies this citation. The file number and style of said suit being C-0928-15-H, **FRANCISCO SAENZ AKA FRANK SAENZ V. NATIONWIDE PROPERTY AND CASUALTY INSURANCE COMPANY**

Said Petition was filed in said court by NISHI KOTHARI,
1110 NASA PKWY., STE. 620  HOUSTON, TX 77058.

The nature of the demand is fully shown by a true and correct copy of the petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL** of said Court at Edinburg, Texas on this the 4th day of March, 2015.

**LAURA HINOJOSA, DISTRICT CLERK**
**HIDALGO COUNTY, TEXAS**

**CLAUDIA I. RODRIGUEZ, DEPUTY CLERK**

**C-0928-15-H**
**OFFICER'S RETURN**

Came to hand on _____ of _____, 201___ at _____ o'clock ____.m. and executed in _____ County, Texas by delivering to each of the within named Defendant in person, a true copy of this citation, upon which I endorsed the date of delivery to said Defendant together with the accompanying copy of the _____ (petition) at the following times and places, to-wit:

| NAME | DATE | TIME | PLACE |
|------|------|------|-------|
|      |      |      |       |

And not executed as to the defendant, _____ the diligence used in finding said defendant, being: _____ and the cause of failure to execute this process is: _____ and the information received as to the whereabouts of said defendant, being: _____. I actually and necessarily traveled _____ miles in the service of this citation, in addition to any other mileage I may have traveled in the service of other process in the same case during the same trip.

Fees:  serving ... copy(s) $_____
         miles ...................$_____

_____
**DEPUTY**

**COMPLETE IF YOU ARE PERSON OTHER THAN A SHERIFF, CONSTABLE OR CLERK OF THE COURT**

In accordance to Rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____ and the address is _____,and I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED in _____County, State of Texas, on the _____ day of _____, 201___.

_____
**Declarant"**

_____
**If Certified by the Supreme Court of Texas**
**Date of Expiration / SCH Number**

Electronically Filed
3/3/2015 3:26:44 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

## CAUSE NO. 0928-15-H

| | | |
|---|---|---|
| FRANCISCO SAENZ AKA FRANK SAENZ, | § | IN THE DISTRICT COURT OF |
| **Plaintiff,** | § | |
| | § | |
| v. | § | **HIDALGO COUNTY, TEXAS,** |
| | § | |
| NATIONWIDE PROPERTY AND | § | |
| CASUALTY INSURANCE | § | |
| COMPANY, | § | |
| **Defendant.** | § | _____ TH JUDICIAL DISTRICT |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Francisco Saenz aka Frank Saenz, ("Plaintiff" or "Saenz"), and files this *Plaintiff's Original Petition*, complaining of Nationwide Property & Casualty Insurance Company ("Nationwide") and respectfully show this Honorable Court the following:

### DISCOVERY CONTROL PLAN

1.    Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiff requests the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

### PARTIES

2.    Plaintiff Francisco Saenz, commonly referred to as Frank Saenz, is an individual residing in Hidalgo County, Texas.

3.    Defendant Nationwide is a foreign insurance company engaged in the business of insurance in Texas, with its principal office located in Columbus, Ohio. The causes of action asserted

Electronically Filed
3/3/2015 3:26:44 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-0928-15-H**

arose from or are connected with purposeful acts committed by Defendant. Nationwide

may be served via its registered attorney for service, C T Corporation System, at 350 North

St. Paul Street, Dallas, Texas 75201.

### JURISDICTION

4.   The Court has jurisdiction over this cause of action because the amount in controversy is

within the jurisdictional limits of the Court. Plaintiff is seeking monetary relief between

$200,000 – 1,000,000.00. Plaintiff reserves the right to amend his petition during and/or

after the discovery process.

5.   The Court has jurisdiction over Defendant Nationwide because this defendant engages in

the business of insurance in the State of Texas, and Plaintiff's causes of action arise out of

this defendant's business activities in the State of Texas.

### VENUE

6.   Venue is proper in Hidalgo County, Texas, because the insured property is situated in

Hidalgo County, Texas.  TEX. CIV. PRAC. & REM. CODE §15.032.

### FACTS

7.   Plaintiff is the owner of a Texas Homeowners' Insurance Policy (hereinafter referred to as

"the Policy"), which was issued by Nationwide.

8.   Plaintiff owns the insured property, which is specifically located 2015 Point West Drive,

Edinburg, Texas, in Hidalgo County (hereinafter referred to as "the Property").

9.   Nationwide sold the Policy insuring the Property to Plaintiff under policy number 612933.

10.  On or about April 20, 2012, a hail storm and/or windstorm struck Hidalgo County, Texas,

causing severe damage to homes and businesses throughout the area, including Plaintiff's

residence ("the Storm").  Specifically, Plaintiff's roof sustained extensive damage during

Electronically Filed
3/3/2015 3:26:44 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-0928-15-H**

the storm. Water intrusion through the roof caused damage throughout the home including, but not limited to, the ceilings, walls, insulation, and fixtures of the Property's garage, and bathroom. Plaintiff's home also sustained exterior damage during the storm, including but not limited to damage to wood siding, soffits, fascia, exterior doors, garage, two sheds, and wood fence.

11.     Plaintiff submitted a claim to Nationwide against the Policy as referenced in paragraph 9 above, for Roof Damage, Exterior Damage, and Water Damage the Property sustained as a result of the hail storm and/or windstorm, under claim number 7842HO612933.

12.     Plaintiff asked that Nationwide cover the cost of repairs to the Property, including but not limited to, repair and/or replacement of the roof and repair of the exterior damage and interior water damages to the Property, pursuant to the Policy.

13.     Defendant Nationwide assigned Michael Otto ("Mr. Otto") to adjust the claim. Mr. Otto was improperly trained and/or supervised and failed to perform a thorough investigation of Plaintiff's claim. Specifically, Mr. Otto conducted a substandard inspection of Plaintiff's property. The inadequacy of Mr. Otto's inspection is evidenced by his report, which failed to include the majority of Plaintiff's damages. Ultimately, Mr. Otto's estimate did not allow adequate funds to cover the cost of repairs for many of the damages sustained. Mr. Otto's inadequate investigation was relied upon by Nationwide in this action and resulted in Plaintiff's claim being improperly denied.

14.     Defendant Nationwide failed to adequately train and supervise Mr. Otto resulting in the unreasonable investigation and improper handling of Plaintiff's claim. Moreover, Nationwide failed to thoroughly review and properly oversee the work of Mr. Otto, ultimately approving an improper adjustment of and an inadequate, unfair settlement of

Electronically Filed
3/3/2015 3:26:44 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-0928-15-H**

Plaintiff's claim. As a result of Defendant's wrongful acts and omissions set forth above and further described herein, Plaintiff's claims were improperly denied causing him to suffer damages.

15. Defendant Nationwide set about to deny and/or underpay on properly covered damages. Nationwide misrepresented to Plaintiff that Mr. Otto's estimate included all of Plaintiff's properly covered hail storm and/or windstorm damages and made sufficient allowances to cover the cost of repairs to Plaintiff's Property pursuant to the Policy when, in fact, the estimate failed to include many of Plaintiff's properly covered storm damages and failed to allow for sufficient amounts to cover the cost of repairs to Plaintiff's Property. Defendant Nationwide failed to provide any coverage for the damages sustained by Plaintiff and under-scoped and undervalued Plaintiff's damages, thereby denying payment on Plaintiff's claim. As a result of this Defendant's unreasonable investigation, Plaintiff's claim was improperly adjusted and Plaintiff has been severely underpaid and suffered damages. The mishandling of Plaintiff's claim has also caused a delay in Plaintiff's ability to fully repair his Property, which has resulted in additional damages. To this date, Plaintiff has yet to receive sufficient payment that he is entitled to under the Policy.

16. As detailed in the paragraphs below, Nationwide wrongfully denied Plaintiff's claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff. Furthermore, Nationwide undervalued some of Plaintiff's claims by not providing full coverage for the damages sustained by Plaintiff, as well as under-scoping the damages during its investigation.

Electronically Filed
3/3/2015 3:26:44 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-0928-15-H**

17.     To date, Nationwide continues to delay in the payment for the damages to the property.
        As such, Plaintiff has not been paid in full for the damages to his home.

18.     Defendant Nationwide failed to perform its contractual duty to adequately compensate
        Plaintiff under the terms of the Policy.  Specifically, it refused to pay many of the
        proceeds of the Policy, although due demand was made for proceeds to be paid in an
        amount sufficient to cover the damaged property.  Nationwide's conduct constitutes a
        breach of the insurance contract between Nationwide and Plaintiff.

19.     Defendnant Nationwide misrepresented to Plaintiff that the damage to the Property was
        not covered under the Policy, even though the damage was caused by a covered occurrence.
        Defendant Nationwide's conduct constitutes violations of the Texas Insurance Code,
        Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

20.     Nationwide failed to make an attempt to settle Plaintiff's claim in a fair manner, although
        it as aware of its liability to Plaintiff under the Policy.  Nationwide's conduct constitutes a
        violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE
        §541.060(a)(2)(A).

21.     Nationwide failed to explain to Plaintiff the reasons for its denial of Plaintiff's claim.
        Specifically, Nationwide failed to offer Plaintiff adequate compensation, without any
        explanation why full payment was not being made.  Furthermore, Nationwide did not
        communicate that any future settlements or payments would be forthcoming to pay for the
        losses covered under the Policy, nor did it provide any explanation for the failure to

Electronically Filed
3/3/2015 3:26:44 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-0928-15-H**

adequately settle Plaintiff's claim. The conduct of Nationwide is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

22.     Defendant Nationwide failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Nationwide. The conduct of Nationwide constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4).

23.     Defendant Nationwide refused to fully compensate Plaintiff, under the terms of the Policy, even though Nationwide failed to conduct a reasonable investigation. Specifically, Nationwide performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property. The conduct of Nationwide constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

24.     Defendant Nationwide failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim, within the statutorily mandated time of receiving notice of Plaintiff's claim. Nationwide's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

25.     Defendant Nationwide failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. Nationwide's conduct

Electronically Filed
3/3/2015 3:26:44 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-0928-15-H**

constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

26.  Defendant Nationwide failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not received full payment for their claim. Nationwide's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

27.  From and after the time Plaintiff's claim was presented to Defendant Nationwide, the liability of Nationwide to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Nationwide has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Nationwide's conduct constitutes a breach of the common law duty of good faith and fair dealing.

28.  Defendant Nationwide knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

29.  As a result of Defendant Nationwide's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who are representing them with respect to these causes of action.

### CAUSES OF ACTION:

30.  Defendant Nationwide is liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing.

Electronically Filed
3/3/2015 3:26:44 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

## BREACH OF CONTRACT

31. Defendant Nationwide's conduct constitutes a breach of the insurance contract made between Nationwide and Plaintiff.

32. Defendant Nationwide's failure and/or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of Nationwide's insurance contract with Plaintiff.

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

33. Defendant Nationwide's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

34. Defendant Nationwide's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

35. Defendant Nationwide's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Nationwide's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

36. Defendant Nationwide's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim,

Electronically Filed
3/3/2015 3:26:44 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-0928-15-H

constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

37.    Defendant Nationwide's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

38.    Defendant Nationwide's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

39.    Defendant Nationwide's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

40.    Defendant Nationwide's failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

41.    Defendant Nationwide's failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

Electronically Filed
3/3/2015 3:26:44 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-0928-15-H**

42.     Defendant Nationwide's delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

### BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

43.     Defendant Nationwide's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts.

44.     "Good faith and fair dealing" is defined as the degree and diligence which a man of ordinary care and prudence would exercise in the management of one's own business. *Arnold v. Nat'l Mut. Fir Ins. Co.*, 725 S.W.2d 165, 167 (Tex. 1987). This tort arises from Texas law, which recognizes that a special relationship exists as a result of Plaintiff's (the policyholder) and Nationwide's (the insurer) unequal bargaining power. Part of this unequal bargaining power results from the fact that Nationwide, like other insurers, controls entirely the evaluation, processing and denial of claims.

45.     At the time of Mr. Otto's inspection and/or investigation, upon which Nationwide relied entirely for its investigation, evaluation, and settling of Plaintiff's claim, Mr. Otto tried to wrongfully at least partially deny Plaintiff's losses. By not accounting for the covered damages Defendant Nationwide did not inspect and evaluate Plaintiff's home as if it were their own home. Defendant Nationwide's investigation and evaluation was not reasonable, thus, Nationwide lacked a reasonable basis for denying or only partially including payment for Plaintiff's covered damages. Nationwide's overall conduct in handling Plaintiff's claim was not reasonable.

Electronically Filed
3/3/2015 3:26:44 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-0928-15-H**

46.    Defendant Nationwide's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, Defendant Nationwide knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

### KNOWLEDGE

47.    Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiff's damages described herein.

### DAMAGES

48.    Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

49.    As previously mentioned, the damages caused by the April 20, 2012, hail storm and/or windstorm have not been properly addressed or repaired in the months since the storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiff. These damages are a direct result of Defendant Nationwide's mishandling of Plaintiff's claim in violation of the laws set forth above.

50.    For breach of contract, Plaintiff is entitled to regain the benefit of his bargain, which is the amount of his claim, together with attorney's fees.

51.    For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiff asks for three times his actual damages. TEX. INS. CODE §541.152.

Electronically Filed
3/3/2015 3:26:44 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-0928-15-H**

52.     For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is
        entitled to the amount of his claim, as well as eighteen (18) percent interest per annum on
        the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE
        §542.060.

53.     For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to
        compensatory damages, including all forms of loss resulting from the insurer's breach of
        duty, such as additional costs, economic hardship, losses due to nonpayment of the amount
        the insurer owed, exemplary damages, and damages for emotional distress.

54.     For the prosecution and collection of this claim, Plaintiff has been compelled to engage the
        services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is
        entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney
        in the preparation and trial of this action, including any appeals to the Court of Appeals
        and/or the Supreme Court of Texas.

### STANDING ORDERS

55.     This matter will be governed by the Standing Pretrial Order Concerning Hidalgo County
        Residential Hail Claims.  Pursuant to the Court's Order, a copy is attached to *Plaintiff's
        Original Petition* as "Exhibit 1."

56.     The Order Assigning Cases for Pretrial Matters Concerning Hidalgo County Residential
        and Commercial Hail Claims is attached to *Plaintiff's Original Petition* as "Exhibit 2."

### REQUEST FOR DISCLOSURE

57.     Under Texas Rules of Civil Procedure 194, Plaintiff hereby requests Defendant Nationwide
        disclose, within fifty (50) days of service of this request, the information or material
        described in Texas Rule of Civil Procedure 194.2 (a) through (l).

Electronically Filed
3/3/2015 3:26:44 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-0928-15-H**

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof, said Plaintiff have and recover such sums as would reasonably and justly compensate him in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found. In addition, Plaintiff request the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on his behalf expended, for prejudgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which he may show himself justly entitled.

Respectfully submitted,

**ARGUELLO, HOPE & ASSOCIATES, P.L.L.C.**

Nish Kothari
State Bar of Texas Number: 24087862
David A. Christoffel
State Bar of Texas Number: 24065044
1110 NASA Parkway, Suite 620
Houston, Texas 77058
Telephone: (281) 532-5529
Facsimile: (281)402-3534
*ATTORNEYS FOR PLAINTIFF*
*FRANCISCO SAENZ AKA FRANK SAENZ*

C-0928-15-H

# EXHIBIT NO. 1

C-0928-15-H

| | | |
|---|---|---|
| IN RE: | § | IN THE DISTRICT COURT OF |
| | § | |
| HIDALGO HAIL | § | |
| | § | HIDALGO COUNTY, TEXAS |
| RESIDENTIAL PROPERTY | § | |
| | § | |
| CLAIM LITIGATION | § | ___TH JUDICIAL DISTRICT COURT |

## STANDING PRETRIAL ORDER CONCERNING
## HIDALGO COUNTY RESIDENTIAL HAIL CLAIMS

It is hereby ORDERED that the 93rd, 206th and 370th District Courts of Hidalgo County, Texas, have been appointed as the Consolidated Pretrial Courts over Hidalgo Hail Litigation filed in District Court in Hidalgo County, Texas. The 93rd, 206th and 370th District Courts of Hidalgo County, Texas, have been assigned to handle all pretrial matters for residential property insurance cases filed in the District Courts of Hidalgo County, Texas that involve insurance disputes arising out of hail storms that struck Hidalgo County on or about March 29, 2012 and April 20, 2012.

IT IS ACCORDINGLY ORDERED AS FOLLOWS:

A.  This Order shall be affective and apply to all lawsuits filed in the District Court of Hidalgo County, Texas wherein any policyholder (the "Plaintiff Insured") asserts a claim arising from damage to residential property caused by the 2012 Hail Storms that struck Hidalgo County on or about March 29, 2012 and April 20, 2012, against an insurance carrier who issues insurance policies for residential property (the "Residential Insurance Carrier"); and

B.  Immediately upon the filing of this Order, the District Clerk shall post this Order on the Hidalgo County District Courts' website. Any Plaintiff who is aware of this Order shall attach a copy of this Order to its Original Petition, or to otherwise send a copy of this Order to any party, if pro se, or to such party's counsel of record.

C.  Within one hundred (100) days after the Residential Insurance Carrier makes an appearance in the lawsuit or the date of this Order, whichever is later, all parties are Ordered to agree on a mediator and mediation date. However, the mediation can be set to occur outside of this time period. Once the parties have agreed on a mediator and mediation date, they shall notify the Court by filing the attached Mediation Order (Exhibit "A"). If the parties make an agreement around the timing in this provision, the parties must obtain approval from the Court.

D.  Immediately upon the filing of the Residential Insurance Carrier's Original Answer, the case will be abated until (1) 30 days after unsuccessful mediation or (2) notice by any party that the party desires to unilaterally end the abatement period applicable to a particular case 30 days from the date the notice is received by the opposing party. The abatement period will apply to all Court ordered deadlines or Rule 190 Discovery

**C-0928-15-H**

deadlines. The abatement period will not apply to any statutory deadline, interest or penalties that may apply under any statutory code or law. The parties may send written discovery during the abatement time period, however, the responses and objections to those discovery requests will not be due until 30 days after the earlier of an unsuccessful mediation or a party's termination of the abatement period.

E. Furthermore, within 60 days of the filing of the Insurance Carrier's Original Answer or the date of this Order, whichever is later, the parties will use their best efforts to exchange information and documentation pertaining to the residence, to the extent same exists, including the following: Expert Reports, Engineering Reports, Estimates of Damage or repairs; Contents Lists for contents damage claim; Photographs; Repair Receipts or Invoices; the non-privileged portions of the Residential Insurance Carrier and Adjusting Company's claims file (including all claim diary notes, activity logs, loss notes and email correspondence regarding the insurance claim); payment ledger, payment log and/or proof of payment from the Insurance Carrier; a copy of the insurance policy in effect at the time of the respective Hail claim(s); and the non-privileged portions of the underwriting file. If the Insurance Carrier is not in possession of the Adjusting Company's/Adjuster's claims file, and the Adjusting Company/Adjuster is not a named as a party in the lawsuit represented by separate counsel, then the Insurance Carrier shall seek the Adjusting Company's claims file and use their best efforts to exchange this information within the 60 day time period. The Insurance Carrier is also Ordered to notify the independent adjusting company that all emails, activity notes and loss diary notes pertaining to the Hail claim in litigation shall be preserved and not destroyed pursuant to the Court's "Save & Hold" directive regarding those emails and claims correspondence. Lastly, a privilege log will also be produced in accordance with the Texas Rules of Civil Procedure for any redactions or privileges being asserted on any documents in the claims file or claim correspondence.

F. Any Expert Reports, Engineering Reports, Contractor Estimates or any other estimates of damages or repairs obtained by directive of Counsel for settlement, demand, or mediation purposes and exchanged prior to mediation shall be for "Mediation Purposes Only" and shall be considered confidential, except that any estimates and/or reports that are part of the claims file, which were obtained or prepared during the claims handling, shall not be considered confidential under this paragraph. Otherwise, such reports and estimates exchanged for mediation purposes shall only be used at trial if Plaintiff or Defendant designates the consultant as a retained testifying expert and does not properly de-designate prior to trial. If a consultant, whose report is produced at mediation, produces a subsequent report for use at trial, the mediation report shall remain confidential unless agreed to otherwise. The reports and estimates are only confidential for the lawsuit in which they are being used. Expert reports designated for mediation purposes shall be returned to the providing party within 14 days of a written request by the providing party for their return after mediation. Such reports shall not be discoverable or admissible at trial or any hearing. If the party procuring the report designates the expert to testify, such party shall have the right to prevent discovery or testimony by the expert regarding the mediation report and any opinions therein. The procuring party may use data such as measurements and photographs without waiving this privilege. Nothing herein shall

C-0928-15-H

prohibit the use of those reports and estimates in any subsequent insurance claims or lawsuits involving the same Residential Insurance Carrier.

G.    Once a mediation date and mediator are agreed to by all parties, the Residential Insurance Carrier shall be permitted to inspect the residence involved in the lawsuit (as soon as practicable) prior to mediation. If mediation is unsuccessful, the Residential Insurance Carrier and other Defendants may reinspect the residence with the same, new or additional experts pursuant to the Texas Rules of Civil Procedure.

H.    The Mediator shall notify the Court within 48 hours once an impasse has been declared by the Mediator. This notice shall be in writing and sent to all parties and the Court.

I.    Upon the expiration of the abatement period applicable to the case (30 days) the parties will enter into an Agreed Scheduling Order, which will include a date for trial.

J.    The Court shall set a Status Conference to occur on each case under this Order 150 days from the date the Original Petition was filed and provide written notice to all parties of the date and time of the Status Conference.

Signed this 20th day of February, 2013.

_____
93rd District Court, Judge Rudy Delgado

_____
139th District Court, Judge Roberto Flores

_____
206th District Court, Judge Rosa Guerra Reyna

_____
275th District Court, Judge Juan Partida

_____
332nd District Court, Judge Mario E. Ramirez, Jr.

_____
370th District Court, Judge Noe Gonzalez

_____
389th District Court, Judge Letty Lopez

_____
430th District Court, Judge Israel Ramon, Jr.

*(signatures continued on next page)*

**C-0928-15-H**

_____

398th District Court, Judge Aida Salinas Flores

_____

92nd District Court, Judge Ricardo Rodriguez, Jr.

C-0928-15-H

# EXHIBIT NO. 2

C-0928-15-H

| | | |
|---|---|---|
| IN RE: | § | IN THE DISTRICT COURT OF |
| | § | |
| HIDALGO HAIL | § | |
| | § | HIDALGO COUNTY, TEXAS |
| RESIDENTIAL PROPERTY | § | |
| | § | |
| CLAIM LITIGATION | § | ___TH JUDICIAL DISTRICT COURT |

### ORDER ASSIGNING CASES FOR PRETRIAL MATTERS CONCERNING HIDALGO COUNTY RESIDENTIAL AND COMMERCIAL HAIL CLAIMS

The 93rd, 206th and 370th District Courts of Hidalgo County, Texas, have been assigned to handle all pretrial matters for residential and commercial property insurance cases filed in the District Courts of Hidalgo County, Texas that involve insurance disputes arising out of hail storms that struck Hidalgo County on or about March 29, 2012 and April 20, 2012. The most efficient and consistent manner for allocating the various matters among the three pretrial courts is to divide and assign the cases based on the named insurance carrier defendant. Accordingly, each of the pretrial courts is hereby assigned to handle pretrial matters in the subject Hidalgo County residential and commercial hail claims, as follows:

The 93rd Judicial District Court shall handle all pretrial matters in cases against the following insurance carriers:

1. State Farm entities
2. Homeowners of America
3. National Lloyds
4. Fred Loya Insurance
5. Standard Guaranty
6. Geovera
7. Southern Vanguard
8. Balboa
9. Republic Group
10. USAA
 **\*\*\*ALL OTHER INSURANCE CARRIERS NOT ASSIGNED UNDER THIS ORDER ARE ASSIGNED TO THE 93RD JUDICIAL DISTRICT COURT FOR PRETRIAL MATTERS.\*\*\***

The 206th Judicial District Court shall handle all pretrial matters in cases against the following insurance carriers:

1. Farmers Insurance entities
2. Foremost Insurance entities
3. Hocheim Prairie
4. Certain Underwriters
5. Meritplan
6. Underwriters at Lloyds
7. Scottsdale Insurance Co.
8. American Hallmark

C-0928-15-H

    9.  Lloyds of London
   10. Texas FAIR Plan Association
   11. Standard Guaranty
   12. Priority One
   13. Progressive Insurance Co.
   14. Lexington
   15. Nationwide

The 370th Judicial District Court shall handle all pretrial matters in cases against the following
insurance carriers:

    1.  Allstate entities
    2.  Wellington
    3.  America First
    4.  Cypress Texas Lloyds
    5.  American Risk
    6.  Germania
    7.  Pronto Insurance Co.
    8.  ASI Lloyds
    9.  Hartford
   10. Companion
   11. Frontier
   12. Safeco
   13. Travelers
   14. Liberty Mutual
   15. Universal
   16. Ranchers & Farmers

      It is further ORDERED that the parties are urged to attempt to agree on discovery
matters, including written discovery disputes and the number and scope of depositions.
However, if the parties are unable to reach a consensus regarding global or institutional
discovery disputes, the presiding administrative judge for Hidalgo County District Courts will
work in conjunction with the pre-trial judges to establish uniform parameters for discovery in all
cases controlled by this pretrial order.

Signed this 28th day of February _____, 2013.

_____
93rd District Court, Judge Rudy Delgado

_____
139th District Court, Judge Roberto Flores

_____
206th District Court, Judge Rosa Guerra Reyna        *(signatures continued on next page)*

C-0928-15-H

275th District Court, Judge Juan Partida

332nd District Court, Judge Marlo E. Ramirez, Jr.

370th District Court, Judge Noe Gonzalez

389th District Court, Judge Letty Lopez

430th District Court, Judge Israel Ramon, Jr.

398th District Court, Judge Aida Salinas Flores

92nd District Court, Judge Ricardo Rodriguez, Jr.

Electronically Filed
3/3/2015 3:26:44 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

# CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY):* ___**C-0928-15-H**___          COURT *(FOR CLERK USE ONLY):* _____

STYLED ___Francisco Saenz aka Frank Saenz v. Nationwide Property and Casualty Insurance Company___

*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| **Name:**  Nishi Kothari<br><br>**Address:**  1110 Nasa Parkway, Suite 620<br><br>**City/State/Zip:**  Houston, Texas 77058<br><br>**Signature**<br>*(signature)* | **Email:**  kothari@simplyjustice.com<br><br>**Telephone:**  281-532-5529<br><br>**Fax:**  281-402-3534<br><br>**State Bar No:**  24087862 | **Plaintiff(s)/Petitioner(s):**  Francisco Saenz aka Frank Saenz<br><br>**Defendant(s)/Respondent(s):**  Nationwide Property and Casualty Insurance Company<br><br>*(Attach additional page as necessary to list all parties)* | ☐Attorney for Plaintiff/Petitioner<br>☐Pro Se Plaintiff/Petitioner<br>☐Title IV-D Agency<br>☐Other:<br><br>**Additional Parties in Child Support Case:**<br><br>Custodial Parent:<br><br>Non-Custodial Parent:<br><br>Presumed Father: |

## 2. Indicate case type, or identify the most important issue in the case *(select only 1)*:

### Civil

**Contract**

*Debt/Contract*
- ☐Consumer/DTPA
- ☐Debt/Contract
- ☐Fraud/Misrepresentation
- ☐Other Debt/Contract:

*Foreclosure*
- ☐Home Equity—Expedited
- ☐Other Foreclosure
- ☐Franchise
- ☐Insurance
- ☐Landlord/Tenant
- ☐Non-Competition
- ☐Partnership
- ☐Other Contract:

**Injury or Damage**
- ☐Assault/Battery
- ☐Construction
- ☐Defamation

*Malpractice*
- ☐Accounting
- ☐Legal
- ☐Medical
- ☐Other Professional Liability:
- ☐Motor Vehicle Accident
- ☐Premises

*Product Liability*
- ☐Asbestos/Silica
- ☐Other Product Liability List Product:
- ☐Other Injury or Damage:

**Real Property**
- ☐Eminent Domain/ Condemnation
- ☐Partition
- ☐Quiet Title
- ☐Trespass to Try Title
- ☐Other Property:

**Related to Criminal Matters**
- ☐Expunction
- ☐Judgment Nisi
- ☐Non-Disclosure
- ☐Seizure/Forfeiture
- ☐Writ of Habeas Corpus—Pre-indictment
- ☐Other:

### Family Law

**Post-judgment Actions (non-Title IV-D)**

**Marriage Relationship**
- ☐Annulment
- ☐Declare Marriage Void

*Divorce*
- ☐With Children
- ☐No Children

- ☐Enforcement
- ☐Modification—Custody
- ☐Modification—Other

**Title IV-D**
- ☐Enforcement/Modification
- ☐Paternity
- ☐Reciprocals (UIFSA)
- ☐Support Order

**Other Family Law**
- ☐Enforce Foreign Judgment
- ☐Habeas Corpus
- ☐Name Change
- ☐Protective Order
- ☐Removal of Disabilities of Minority
- ☐Other:

**Parent-Child Relationship**
- ☐Adoption/Adoption with Termination
- ☐Child Protection
- ☐Child Support
- ☐Custody or Visitation
- ☐Gestational Parenting
- ☐Grandparent Access
- ☐Parentage/Paternity
- ☐Termination of Parental Rights
- ☐Other Parent-Child:

**Employment**
- ☐Discrimination
- ☐Retaliation
- ☐Termination
- ☐Workers' Compensation
- ☐Other Employment:

**Other Civil**
- ☐Administrative Appeal
- ☐Antitrust/Unfair Competition
- ☐Code Violations
- ☐Foreign Judgment
- ☐Intellectual Property
- ☐Lawyer Discipline
- ☐Perpetuate Testimony
- ☐Securities/Stock
- ☐Tortious Interference
- ☐Other:

**Tax**
- ☐Tax Appraisal
- ☐Tax Delinquency
- ☐Other Tax

### Probate & Mental Health

*Probate/Wills/Intestate Administration*
- ☐Dependent Administration
- ☐Independent Administration
- ☐Other Estate Proceedings

- ☐Guardianship—Adult
- ☐Guardianship—Minor
- ☐Mental Health
- ☐Other:

## 3. Indicate procedure or remedy, if applicable *(may select more than 1)*:
- ☐Appeal from Municipal or Justice Court
- ☐Arbitration-related
- ☐Attachment
- ☐Bill of Review
- ☐Certiorari
- ☐Class Action
- ☐Declaratory Judgment
- ☐Garnishment
- ☐Interpleader
- ☐License
- ☐Mandamus
- ☐Post-judgment
- ☐Prejudgment Remedy
- ☐Protective Order
- ☐Receiver
- ☐Sequestration
- ☐Temporary Restraining Order/Injunction
- ☐Turnover

## 4. Indicate damages sought *(do not select if it is a family law case)*:
- ☐Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
- ☐Less than $100,000 and non-monetary relief
- ☐Over $100, but not more than $200,000
- ☒Over $200,000 but not more than $1,000,000
- ☐Over $1,000,000

Rev 2/13